UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:17-CR-125-KAC-CRW-2 |
| | ) | |
| MELISSA FURGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

The Defendant, Melissa Furguson, filed a pro se motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 328]. As bases for her motion, Furguson cites her obesity and the dangers of the COVID-19 pandemic, her "post-sentencing conduct and rehabilitation," and the "stacking" of her sentence for a violation of 18 U.S.C. § 924(c) [*Id.*]. She also filed a "Motion for Appointment of Counsel" [Doc. 327]. Pursuant to Standing Order 19-04, later replaced by Standing Order 21-09, the Court appointed the Federal Defender Services of Eastern Tennessee to represent Furguson. The United States opposes Furguson's motion to reduce her sentence and notes that her "Motion for Appointment of Counsel" is moot [Doc. 330]. The Court appointed counsel for Furguson, and therefore, it denies her "Motion for Appointment of Counsel" [Doc. 327] as moot. Because the relevant factors in 18 U.S.C. § 3553(a) do not support a modification, the Court also denies Furguson's request to reduce her sentence [Doc. 328].

I. *Background*

On November 14, 2017, a grand jury indicted Furguson for conspiring to distribute and possess with the intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C §§ 846 and 841(b)(1)(A), two counts of possessing a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c), two counts of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(3), distributing methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C), possessing with intent to distribute five (5) grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and money laundering in violation of 18 U.S.C. §1956(a)(1)(A)(i) [Doc. 3]. The charges arose from Furguson's participation in a methamphetamine trafficking conspiracy with nine other individuals [Doc. 196]. On September 20, 2018, Furguson pled guilty to one count of conspiring to distribute and possess with the intent to distribute fifty (50) grams or more of actual methamphetamine in violation of 21 U.S.C §§ 846 and 841(a)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Doc. 141].

Furguson was therefore subject to a statutory mandatory term of at least 180 months' imprisonment—120 months on the methamphetamine trafficking conspiracy and a consecutive sixty (60) months for possession of a firearm in furtherance of the methamphetamine trafficking conspiracy. *See* 21 U.S.C. § 841; 18 U.S.C. §924(c). The Parties entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing that a 180-month sentence of imprisonment was the appropriate disposition of the case [Doc. 131]. The Court accepted the plea agreement and sentenced Furguson to 180 months' imprisonment, concluding that the 180-month sentence was sufficient, but not greater than necessary, to accomplish the purposes of sentencing [Doc. 216]. To date, Furguson has served approximately forty-eight (48) months of her 180-month sentence [Doc. 330-5].

Furguson has a history of serious criminal conduct [Doc. 188, ¶¶ 41-51]. ▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2



Forty-Eight (48) months into her sentence, Furguson moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A) [Doc. 328]. In support of her request, Furguson, who is forty (40) years old, argues that she is obese, and that this puts her at an elevated risk of complications from COVID-19 were she to contract the disease [*Id.* at 2–3]. Furguson also states that she has been a "model of rehabilitation," earning her GED while incarcerated [Doc. 328, 9]. Furguson also argues that the First Step Act of 2018 ("First Step Act") "ended sentence 'stacking' under 924(c)" and that this provides an additional basis for her requested relief. [*Id.* at 5.] Furguson requested that the Bureau of Prisons (BOP) bring a motion to reduce her sentence on her behalf, and the BOP denied her request [*Id.* at 7].

The Government opposes Furguson's motion on the grounds that she "has not shown that her release would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)" [Doc. 330, 1]. It provided BOP medical records showing that Furguson has been fully vaccinated against COVID-19. [*Id.* at 10]. The Government asserts that Furguson's rehabilitation alone does not warrant a reduction in sentence and that the Section 3553(a) factors weigh heavily against Furguson's immediate release. The Government further argues that, as a matter of law, the First Step Act did

3

not invalidate the statutory requirement that Furguson's sentence for a violation of Section 924(c) be imposed consecutively to the sentence for her methamphetamine trafficking conspiracy conviction. [*Id.* at 10-11].

Pursuant to Standing Order 19-04, as later replaced by Standing Order 21-09, the Court appointed the Federal Defender Services of Eastern Tennessee to represent Furguson. The Federal Defender Services reviewed Furguson's motion, communicated with her, and declined to file any supplemental pleadings [Doc. 329].

II.     *Discussion*

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) provides narrow circumstances under which the Court may reduce an incarcerated individual's sentence. As a threshold matter, the individual must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [individual's] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). If that threshold requirement is met, a district court may reduce a sentence where the Court finds that (1) "extraordinary and compelling reasons warrant a sentence reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, to the extent they apply, support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (internal quotations omitted). The "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519.

4

Because consideration of the Section 3553(a) factors is dispositive, the Court begins its analysis there.[1] Furguson is serving an agreed-upon 180-month sentence for conspiring to distribute and possess with the intent to distribute fifty (50) grams or more of actual methamphetamine and possessing a firearm in furtherance of that methamphetamine trafficking conspiracy [Doc. 216]. Given the counts of conviction, she was subject to a Congressionally-mandated minimum term of ***at least*** 180 months' imprisonment. *See* 21 U.S.C. § 841; 18 U.S.C. §924(c). To date, she has only served forty-eight (48) months in prison. A reduction in her term of imprisonment would result in an unwarranted sentencing disparity "among defendants with similar records who have been found guilty of similar conduct"—that is other defendants who are subject to the same Congressionally-mandated minimum term of imprisonment. *See* 18 U.S.C. § 3553(a)(6).

The "nature and circumstances of the offense" and "the history and characteristics" of Furguson also weigh against a reduction of her sentence. *See* 18 U.S.C. § 3553(a)(1). ▮

▮

▮

▮

▮

▮

▮

▮

---

[1] Furguson requested that BOP bring a motion to reduce her sentence on her behalf, but the BOP denied her request [Doc. 328, 7; *see also* Doc. 330, Ex. 1]. Accordingly, she has satisfied the threshold exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

5

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court commends Furguson for obtaining her General Educational Development certification, *see* 18 U.S.C. §3553(a)(1), but rehabilitation alone "shall not be considered an extraordinary and compelling reason" warranting a reduction in sentence. 28 U.S.C. § 994(t). A reduced sentence here would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment." *See* 18 U.S.C. § 3553(a)(2). While obesity may leave Furguson at greater risk of complications were she to contract COVID-19, Furguson has been fully vaccinated against COVID-19 [Doc. 330, 10]. The most recent CDC data indicates that the vaccine is 94.1% effective against symptomatic, laboratory-confirmed COVID-19 [*Id.*]. On balance, the Section 3553(a) factors to not support a reduction here.

Furguson also argues that the Court should reduce her sentence based on a belief that the First Step Act ended the practice of running 18 U.S.C. § 924(c) sentences consecutively with certain related drug convictions [Doc. 328, 8-9]. This belief is mistaken and is not a basis for a reduction in sentence. The law continues to provide that "no term of imprisonment under this subsection [924(c)] shall run concurrently with any other term of imprisonment imposed on the person . . . ." *See* 18 U.S.C. § 924(c). Therefore, even if the First Step Act were retroactive, she would not be entitled to a lesser, concurrent sentence.

Having considered all of the Section 3553(a) factors, a reduction of Furguson's sentence is not appropriate. Because the Section 3553(a) factors do not support a modification, the Court need not specifically address the other prerequisites listed in Section 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. Furguson's motion to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)

[Doc. 328] is accordingly **DENIED**.  Because the Court appointed counsel to represent Furguson, her "Motion for Appointment of Counsel" [Doc. 327] is **DENIED AS MOOT**.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
